FILED
2015 Nov-30  AM 10:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MINNIE TUNSTALL | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | |
| | ) | JURY DEMAND |
| | ) | |
| JEFFERSON COUNTY DISTRICT | ) | |
| ATTORNEY, BESSEMER DIVISION | ) | |
| AND | ) | |
| ARTHUR GREEN, JR., | ) | |
| DISTRICT ATTORNEY | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

## I. JURISDICTION

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, the Civil Rights Act of 1866, as amended 42 U.S.C. §1983 and 42 U.S.C. §1981, as amended. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. §2000e *et seq.* and 42

U.S.C. §1981, and 42 U.S.C. §1983, providing injunctive and other relief against racial discrimination and retaliation in employment.

## II. PARTIES

2.     Plaintiff, Minnie Tunstall, is a citizen of the United States and is a resident of Adamsville, Alabama.

3.     Defendant, Jefferson County District Attorney, Bessemer Division, is a political subdivision of the State of Alabama.  At all times relevant to this action, Defendant has been an employer within the meaning of Title VII, 42 U.S.C. §1981 and 42 U.S.C. §1983.

4.     Defendant Arthur Green, Jr., Caucasian, is the District Attorney for the Jefferson County District Attorney, Bessemer Division, a political subdivision, and held this position at the time of the violations detailed herein.  Acting under color of state law, Green engaged in conduct designed to harass and retaliate against the Plaintiff on the basis of her race and in retaliation for engaging in a protected activity. Green is sued in his individual, as well as, official capacity.

## III. ADMINISTRATIVE PROCEDURES

5.     Plaintiff hereby adopts and realleges paragraphs one (1) through four (4) herein above as if fully set forth herein.

6.     Plaintiff brings this action for the unlawful employment practices and

2

acts of intentional discrimination that occurred at the Jefferson County District Attorney, Bessemer Division.

7.     This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of race discrimination, subjecting Plaintiff to retaliation.

8.     On August 22, 2013, within 180 days of the last discriminatory and retaliatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

9.     Plaintiff's Notice of Right to Sue was mailed by the Department of Justice to the Plaintiff on August 26, 2015, and Plaintiff filed suit within ninety (90) days of receipt of his Notice of Right to Sue.

10.     All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV. FACTS

11.     Plaintiff hereby adopts and realleges paragraphs one (1) through ten (10) herein above as if fully set forth herein.

3

12.     Plaintiff, Minnie Tunstall is an African-American female.  She worked for Defendant as an Assistant District Attorney from July 10, 2010 until February 1, 2013.

13 .   On February 1, 2013, at a meeting with the District Attorney, Arthur Green, Jr.,  Plaintiff was told that she was being terminated for not trying enough cases. Caucasian Assistant District Attorneys tried the same number or fewer cases than Plaintiff and were not terminated.

14.     Before her termination, Plaintiff was never counseled or reprimanded during the two and one-half (2 ½) years she was employed by Defendant.

15.     Plaintiff was monitored with much more scrutiny than Caucasian Assistant District Attorneys. Plaintiff was not initially given a time at which to report to work. When she was told in August 2010 that she should be in the office by 8:30 a.m., she pointed out that the other Assistant District Attorneys were coming in later and leaving earlier than Plaintiff.  Plaintiff was asked if she thought she should be treated like all the other Assistant District Attorneys and Plaintiff responded in the affirmative.

16.     All the other Assistant District Attorneys were given handguns and training but Plaintiff was denied such even after asking for a weapon and training.

17.     Although the District Attorney had never fired anyone before firing

4

Plaintiff - and, instead, allowed resignation - the District Attorney would not allow Plaintiff to resign in lieu of termination.

18.    After complaining to the District Attorney that the reason he gave for terminating Plaintiff was merely a pretext for discrimination, the District Attorney refused to pay Plaintiff for fifteen days of vacation that she had earned. Further, after being terminated, Plaintiff applied for unemployment compensation benefits and was told that Defendant had listed the stated reason for termination as not reporting to work on time. This statement was blatantly false and made in an to attempt to deny Plaintiff's unemployment compensation benefits.

## V. STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

### STATEMENT OF PLAINTIFF'S TITLE VII AND §1981 RACIAL DISCRIMINATION CLAIMS

19.    Plaintiff adopts and realleges paragraphs one(1) through eighteen (18) as if fully set forth herein.

20.    Plaintiff avers, based on the facts set forth herein, she has been disciplined, terminated, treated differently, and subjected to different terms and conditions of employment because of her race, African-American. Caucasian employees were not disciplined or terminated for similar alleged infractions as

5

Plaintiff.

21.    Plaintiff avers that Defendant has a habit and/or practice of unfairly disciplining African Americans.

22.    Plaintiff avers she has been subjected to other adverse actions because of his race, African-American.

23.    Plaintiff avers Defendant's actions are in violation of Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. §1981, as amended.

24.    The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory relief is her only means of securing adequate relief.

25.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

26.    Plaintiff has satisfied all administrative prerequisites to bring this action.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.    Enter a declaratory judgement that Defendant's policies, practices and

6

procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C.§1981, as amended;

     b.    Grant Plaintiff a permanent injunction enjoining Defendant, its Agents, Successors, Employees, Attorneys, and those acting in concerts with Defendant or at Defendant's request from violating Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. §1981, as amended ;

     c.    Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney fees, expenses, costs; and

     d.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

## STATEMENT OF PLAINTIFF'S TITLE VII AND 42 U.S.C. §1981 RETALIATION CLAIMS

27.    Plaintiff adopts and realleges paragraphs one (1) through twenty-six (26) as if fully set forth herein.

28.    Plaintiff avers that she has been terminated, disciplined, harassed, subjected to different terms and conditions of employment, and subjected to other

7

adverse employment action for engaging in protected activity, and that there is a causal link between Plaintiff engaging in protected activity and the adverse actions she suffered.

29.     Plaintiff has been retaliated against in violation of Title VII of the "Civil Rights Act of 1964," as amended, and in violation of the "Civil Rights Act of 1866," as amended.   The Defendant has a habit and/or practice of retaliating against employees that engage in protected activity.

30.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.     Enter a declaratory judgement that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended,

8

and 42 U.S.C.§1981, as amended;

     b.     Grant Plaintiff a permanent injunction enjoining Defendant, its Agents, Successors, Employees, Attorneys, and those acting in concerts with Defendant or at Defendant's request from violating Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. §1981, as amended ;

     c.     Grant Plaintiff an Order requiring the Defendant to make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney fees, expenses, costs; and

     d.     Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT THREE

## 42 U.S.C. §1983 CLAIMS AGAINST DEFENDANT GREEN

31.     Plaintiff adopts and realleges paragraphs one (1) through thirty (30) as if fully set forth herein.

32.     Plaintiff avers Defendant Green, District Attorney, personally participated in constitutional violations of Plaintiff's rights in that he discriminated and retaliated against Plaintiff and created a racially discriminatory work environment for Plaintiff.

33.     At all time material to the complaint, Defendant Green was acting in his

official capacity as an official of the Jefferson County District Attorney's office. Defendant Green was acting in his official capacity as District Attorney. Defendant Green was acting under Color of the law and the official policy of the Jefferson County District Attorney's office. Defendant Green is an agent of Defendant Jefferson County District Attorney's office.

34.    Plaintiff further avers that Defendant Green violated the Equal Protection clause of the United States Constitution and deprived Plaintiff of her rights secured thereby.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.    Enter a declaratory judgement that Defendant has violated and continues to violate the rights of Plaintiff as secured by 42 U.S.C. §1983; and

b.    Grant Plaintiff a permanent injunction enjoining Defendant and those acting in concert with Defendant or at Defendant's request from violating 42 U.S.C. §1983;

c.    Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney fees, expenses, costs; and

d.       Plaintiff prays for such other, further, different or additional relief and

benefits as justice may require.

## PLAINTIFF HEREBY REQUESTS TRIAL BY A STRUCK JURY

/s/Larry R. Mann
LARRY R. MANN
ASB-6625-M64L
Attorney for Plaintiff

**OF COUNSEL:**
Larry R. Mann, Esq.
701 New South Saving Building
215 North 21st Street
Birmingham, Alabama 35203
Tel: (205) 326-6500
Fax: (205) 324-8660
E-mail: larrymann@aol.com

/s/Stephanie Woodard
STEPHANIE WOODARD
ASB-5454-S82W
Attorney for Plaintiff

**OF COUNSEL:**
Stephanie Woodard, Esq.
701 New South Saving Building
215 North 21st Street
Birmingham, Alabama 35203
Tel: (205) 915-5268
E-mail: stephaniesmithwoodard@gmail.com

**PLAINTIFF'S ADDRESS:**
Minnie Tunstall

11

c/o Larry Mann
701 New South Saving Bldg.
215 North 21st Street
Birmingham, AL 35203


## PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:

Jefferson County District Attorney, Bessemer Division
Arthur Green, District Attorney
Bessemer Justice Center, Room 10
1851 Second Avenue North
Bessemer, AL 35020